**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 15-4041**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MELVIN JEROME JETER,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  J. Michelle Childs, District
Judge.  (7:11-cr-00053-JMC-6)

───────────

Submitted:  June 29, 2015          Decided:  July 8, 2015

───────────

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

David W. Plowden, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.  William Jacob Watkins, Jr., OFFICE
OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for
Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Melvin Jerome Jeter appeals the district court's judgment revoking his supervised release and sentencing him to eight months in prison. Jeter's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but raising the issue of whether Jeter's sentence was reasonable. Despite notice, Jeter has not filed a pro se supplemental brief. For the reasons that follow, we affirm.

As we recently held in United States v. Padgett, __ F.3d __, 2015 WL 3561289 (4th Cir. 2015), we review a district court's ultimate decision to revoke Jeter's supervised release for abuse of discretion. Id. at *1; see United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). In so doing, we review a district court's factual findings underlying a revocation for clear error. Padgett, 2015 WL 3561289 at *1. Reliance on a clearly erroneous material fact itself constitutes an abuse of discretion, United States v. Zayyad, 741 F.3d 452, 458 (4th Cir. 2014), and we will not disturb a district court's revocation sentence unless it is "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). Only if a revocation sentence is unreasonable must we assess whether it is plainly so. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007).

Our review of the record reveals no abuse of discretion by the district court. Jeter's eight-month sentence was imposed at the bottom of his 8-14 months policy statement range. See U.S. Sentencing Guidelines Manual § 7B1.4(a) (2014) (p.s.). We find no reason to disturb the presumptively reasonable sentence. See United States v. Webb, 738 F.3d 638, 642 (4th Cir. 2013).

In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED